IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FELIX DEJESUS-LOZADA<br><br>DEFENDANT | Civil Action<br><br>No. 08-302-02 |

October____, 2009

## MEMORANDUM

Defendant Felix DeJesus-Lozada moved for suppression of (a) guns and drugs found, pursuant to a search warrant, in defendant's apartment at 1850 Venango Street on the afternoon of March 10, 2008, and (b) statements made by defendant in the presence of three law enforcement officers–Philadelphia Police Officers Marilyn Brown (the interrogating officer) and John Coyne, and DEA Agent Brent Wood–in the kitchen of defendant's apartment on the same afternoon. Key to the motion was defendant's challenge to the validity of the search warrant.

On Monday, June 8, 2009, I held a hearing on defendant's motion to suppress. In a bench ruling I denied the motion.

Subsequent to the June 8 ruling I concluded that there were two loose ends that ought to be tied up, if possible: (1) whether the reading to defendant of his Miranda rights at his apartment on March 10 preceded all of the statements he made or only a portion of them; (2) why the defendant was placed under arrest concurrently with the police officers' entry into the apartment

immediately after the officers showed defendant the search warrant. I invited counsel to make written submissions responsive to these questions, following which I would determine whether a further hearing was necessary. In due course, counsel, in lieu of written submissions, advised me that the preferable way to address these questions was to hold an evidentiary hearing.

On September 21, 2009, the further hearing was held. The government presented one witness, Officer Brown. Her direct testimony–unshaken on cross-examination–established that Officer Brown read the Miranda rights to the defendant before any substantive questions were put to him. As to the grounds for the arrest, Officer Brown testified that the arrest was based on observations of defendant handing drugs to a suspected confederate drug-distributor on February 22 and February 29, 2008. Officer Brown acknowledged that she, although involved in the February 22 and February 29 police activity, was not, on either occasion, one of the officers who observed the defendant. Through cross-examination defense counsel sought to show that, at the time the officers entered defendant's apartment on March 10, the officers' action in placing the defendant under arrest while lacking an arrest warrant was inconsistent with Philadelphia police regulations requiring that officers entering a dwelling must have an arrest warrant as well as a search warrant before arresting a resident of the premises to be searched. Government counsel, on redirect, sought to show that the presence of an arrest was not required by the regulations when what the regulations described as "exigent" circumstances were present. Close to the end of Officer Brown's testimony it turned out that there had been a police videotaping of defendant''s apartment as part of the police activity on March 10 – a fact that counsel had been unaware of prior to the September 21 hearing. At defense counsel's request – a request to which government counsel offered no objection – it was decided that the videotape should be viewed by counsel in order to determine whether it might shed further light on the sequence of events on March10. If

seemingly relevant in any way, the video tape was to become part of the record. Soon after the September 21 hearing counsel advised the court that the videotape appeared to add no pertinent information.

The record is now complete. And it is high time to achieve finality with respect to the defense motion to suppress:

It is my judgment that the denial of the motion announced from the bench on June 8, 2009 should now be reaffirmed. The officers entered defendant's apartment with a search warrant that I found on June 8 – and today again find, there having in the interim been no change in relevant circumstance – to be valid. Further, the testimony of Officer Brown at the September 21 hearing establishes that the Miranda rights were read to the defendant prior to his making any substantive statements bearing on the issues to be tried. Whether there was an adequate basis for placing the defendant under arrest concurrent with the moment the officers, on entering defendant's apartment, showed him the search warrant, or whether the placing of defendant under arrest was premature, I conclude is not an issue I need to resolve. The officers had authority, pursuant to the valid search warrant, to search the premises. And all of defendant's substantive statements followed the reading to him of his Miranda rights. Accordingly, there is no ground for departing from this court's June 8 pronouncement from the bench denying defendant's motion to suppress. In an accompanying order the motion to suppress will be denied, thus constituting a reiteration of the June 8 pronouncement with finality.